IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT A. DASILVA, JR., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN CASCADE COUNTY DETENTION CENTER; MONTANA EIGHTH JUDICIAL DISTRICT COURT; STATE OF MONTANA, <br><br> Respondents. | CV-20-72-GF-DLC-JTJ <br><br> ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on a petition filed by state pro se pretrial detainee Robert A. DaSilva, Jr., seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  DaSilva is currently incarcerated at the Cascade County Detention Facility (CCDF).  DaSilva was directed to show cause as to why his petition should not be dismissed as unexhausted or why this court should not exercise abstention under *Younger v. Harris*, 401 U.S. 37 (1971).  See generally, (Doc. 7.)  DaSilva has filed two responsive pleadings.  (Docs. 8 & 11.)  He has also filed a Motion for Emergency Hearing and a Motion to Clarify.  (Docs. 9 & 10.)

As DaSilva was previously advised, the Court is required to screen all actions brought by prisoners who seek relief.  28 U.S.C. § 1915(a).  The Court

1

must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). As explained herein, because DaSilva's claims are unexhausted and because *Younger* abstention applies, his petition should be dismissed without prejudice. His Motion for Emergency Hearing and Motion to Clarify will be denied.

## I. State Court History

Because it is helpful to understanding his present claims, this Court reviewed the state court dockets pertaining to DaSilva's three pending criminal actions and takes judicial notice of these documents.[1] Apparently in September of 2019, DaSilva was arrested on a charge of Failing to Register as a Sexual or Violent Offender. See, (*State v. DaSilva*, DC-2019-613, Dkt. at 1, attached hereto as "Exhibit 1"). DaSilva was released on conditions. *Id*. at Doc. Seq. 12 & 13. In relation to these proceedings, DaSilva filed a Motion to Dismiss and moved to continue his jury trial. *Id*. at 2, Doc. Seq. 30 & 44. On May 27, 2020, the district court entered an order revoking DaSilva's bond. *Id*. at Doc. Seq. 57. On July 7, 2020, an unopposed motion to continue DaSilva's jury trial was filed and granted.

---

[1] Proceedings, including orders and filings, in other courts, including state courts, are also the proper subject of judicial notice when directly related to the case. *Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (internal citations omitted). For purposes of clarity, these documents will be attached to this Court's order.

*Id*. at Doc. Seq. 66 & 67.  It also appears that the district court held hearings regarding DaSilva's counsel, appointed counsel, allowed for a substitution of counsel, and held a hearing counsel's motion to withdraw.  See e.g., *Id*. at Doc. Seq. 72, 75, 78, and 87.

In February of 2020, DaSilva was charged with a second offense of Failure to Register as a Sexual or Violent Offender.  See, (*State v. DaSilva*, DC-2020-87, Dkt. at 1, attached hereto as "Exhibit 2").  DaSilva did not appear for arraignment on February 27, 2020, or for a rescheduled arraignment on March 19, 2020.  *Id*., Doc. Seq. 9 & 13.  But DaSilva was arraigned on April 23, 2020.  *Id*. at Doc. Seq. 23.  Apparently, an issue arose with DaSilva's counsel in this matter and on August 26, 2020, there was a substitution of counsel.  *Id*., Doc. Seq. at 30.  On September 25, 2020, counsel was allowed to withdraw from representation.  *Id*. at Doc. Seq. 35.

Meanwhile, in May of 2020, DaSilva was charged with Burglary.  See, (*State v. DaSilva*, DC-2020-314, Dkt. at 1, attached hereto as "Exhibit 3").  It appears DaSilva made his initial appearance on June 30, 2020.  *Id*. at Doc. Seq. 7.  A Motion to Substitute Judge was filed.  *Id*. at Doc. Seq. 13.  Additionally, DaSilva filed a pro se Emergency Motion to Dismiss seeking Covid Relief and a Motion to Dismiss based upon a violation of due process.  *Id*. at 2, Doc. Seq. 19 & 20.  The arraignment in district court appears to have taken place on August 10, 2020.  *Id*. at

Doc. Seq. 21. During this arraignment, the Office of the Public Defender was ordered to appoint counsel. *Id*. at Doc. Seq. 23. It appears counsel was substituted in to represent DaSilva, but subsequently filed a motion to withdraw. *Id*., Doc. Seq. 24 & 30.

The state matters are still ongoing. DaSilva advises that he recently filed motions to dismiss for lack of speedy trial in two of the cases, because his trial dates keep getting reset. See, (Doc. 12 at 2.) DaSilva also advises he is currently without state court counsel. *Id*.

## II. DaSilva's Response to the Order to Show Cause

In response to this Court's order, DaSilva first seems to argue that he was denied a lawful arraignment and accordingly, he should not have to go to trial. (Doc. 8 at 2-3). Because having to go to trial on his state court matters would somehow prejudice him, so the argument goes, he should be excused from exhausting his state court remedies. *Id*. at 3-4. DaSilva asserts that due to the perceived prejudice, both the state district court and the Montana Supreme Court have waived their jurisdiction and DaSilva's federal habeas petition is the "only avenue to rectify" these perceived state court wrongs. *Id*. at 5. DaSilva repeats this argument and seems to believe the due process violation he has experienced gives this Court the ability to intervene at will in his state court proceedings. See, (Doc. 11 at 1-5.) Additionally, DaSilva asserts that there is no adequate

opportunity to present his constitutional challenges in the state court system and that the jail has kept him in unsafe conditions. *Id*. at 5-6.

## III. Analysis

Although his argument is difficult to follow, DaSilva believes he is exempt from exhausting his claims under the § 2241 requirements, apparently because he believes his circumstances warrant intervention prior to his state criminal trials. But DaSilva's arguments are unavailing. While the Court is sympathetic to the hardships the Covid-19 pandemic is placing upon many pretrial detainees, including DaSilva, there is no indication that he has inadequate avenues to present these claims in the state court system. While it appears he has filed one motion regarding Covid-19 in the district court, the Montana Supreme Court has not considered any of DaSilva's claims.

Moreover, DaSilva has failed to address the factors outlined in *Younger*. Nor has he demonstrated bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Younger,* 401 U.S. 37 at 765-66. DaSilva has failed to allege facts showing he has been denied an adequate opportunity to address the purported constitutional violations in the course of his state court proceedings. Thus, there is an inadequate basis for this Court to enjoin the ongoing state court proceedings. Dismissal should be **without prejudice**,

allowing DaSilva to return to this Court if and when he fully exhausts the claims relative to his current custody.

## IV. Outstanding Motions

Because the Court is able to resolve DaSilva's claims on the record before it, there is no need for a hearing. Accordingly, DaSilva's Motion for Hearing (Doc. 9) will be denied.

DaSilva's Motion for Clarification is likewise denied. This Court's order to show cause directed DaSilva to the legal standards at play and the showing he would be required to make. See, (Doc. 7 at 2-4.) No further clarification is necessary or required.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also

decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

DaSilva has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted and abstention applies, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. DaSilva's Motion for Emergency Hearing (Doc. 9) and Motion for Clarification (Doc. 10) are DENIED.

2. The Clerk of Court is directed to attach the state court dockets referenced herein to this order.

## RECOMMENDATION

1. DaSilva's Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION**

## AND CONSEQUENCES OF FAILURE TO OBJECT

DaSilva may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>DaSilva must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 5th day of November, 2020.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[2]  Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since DaSilva is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.