IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT A. DASILVA, JR., | CV 20–72–GF–DLC–JTJ |
| Petitioner, | |
| vs. | ORDER |
| WARDEN CASCADE COUNTY DETENTION CENTER; MONTANA EIGHTH JUDICIAL DISTRICT COURT; STATE OF MONTANA, | |
| Respondents. | |

Before the Court is United States Magistrate Judge John T. Johnston's Order and Findings and Recommendation. (Doc. 13.) Judge Johnston recommends that Mr. DaSilva's Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2241 (Doc. 1) be dismissed without prejudice for failure to exhaust state avenues of relief. (*Id.* at 7.) Judge Johnston additionally recommends that judgment be entered in Respondents' favor and that a certificate of appealability be denied. (*Id.*) Mr. DaSilva has not filed any objections.

A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). In the absence of an objection, this Court reviews findings for clear error. *United States v. Reyna-Tapia*, 328

F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  Clear error review is "significantly deferential" and exists when the Court is left with a "definite and firm conviction that a mistake has been committed."  *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).  Reviewing for clear error, the Court finds none.

Mr. DaSilva is a pre-trial detainee, currently incarcerated within the Cascade County Detention Center and awaiting trial on several criminal charges pending in Montana state court.  (Doc. 13 at 1–4.)  On August 10, 2020, Mr. DaSilva filed his petition leveling various constitutional challenges to his pre-trial confinement.  (*See generally* Doc. 1.)  In response, Judge Johnston ordered Mr. DaSilva to show cause why his petition should not be dismissed for failure to exhaust state avenues of relief.  (Doc. 7 at 5.)  Mr. DaSilva has provided no compelling argument in response.

This Court does not "entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [the] federal claim[s]."  *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).  The only exception to this rule "are cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction, or in other extraordinary circumstances where irreparable injury can be shown."  *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012).  Mr. DaSilva has shown neither.  As

such, the Court finds no clear error in Judge Johnston's determination that Mr. DaSilva's petition (Doc. 1) should be dismissed without prejudice for failure to exhaust state court avenues of relief.

As a final matter, the Court finds no clear error in Judge Johnston's determination that reasonable jurists would not disagree as to the correctness of this procedural ruling, and, as such, a certificate of appealability shall not issue.

Accordingly, IT IS ORDERED that Judge Johnston's Findings and Recommendation (Doc. 13) is ADOPTED in full.

IT IS FURTHER ORDERED that Mr. DaSilva's petition (Doc. 1) is DISMISSED without prejudice for failure to exhaust state court avenues of relief.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk of Court is directed to enter, by separate document, judgment in favor of Respondents and against Petitioner and to close the case file.

DATED this 1st day of December, 2020.

_____
Dana L. Christensen, District Judge
United States District Court